SUMMARY ORDER
Plaintiff-appellant Kenneth P. Silver-man, the trustee in bankruptcy for debtor Suprema Specialities, Inc., appeals from an order of the District Court enteied September 17, 2007, reversing a March 28, 2005 order of the United States Bankruptcy Court for the Southern District of New York (Cornelius Blackshear, Bankruptcy Judge) and dismissing the complaint. The District Court concluded that New Jersey law applied to plaintiff’s malpractice action and dismissed the complaint for failure to comply with the New Jersey Affidavit of Merit Statute, N.J. Stat. Ann. 2A:53A-26. We assume the parties’ familiarity with the facts and procedural history of the case.
*784 On appeal, the plaintiff argues that (1) New York law applies by virtue of the choice-of-law provision in the engagement letters signed by debtor Suprema Specialties', Inc. (“Suprema”) and defendant BDO Seidman, LLP (“BDO”); and, in the alternative, that (2) the New Jersey Affidavit of Merit Statute violates the doctrine of separation of powers as set forth in the New Jersey constitution; (3) under the Erie doctrine, the New Jersey statute does not apply because it conflicts with the Federal Rules of Civil Procedure; and (4) the equitable exceptions of “substantial compliance” and “extraordinary circumstances” apply to excuse plaintiffs non-compliance with the New Jersey statute.
In evaluating an appeal from a district court’s review of a bankruptcy court decision, we conduct an “independent and plenary review” of the bankruptcy court’s decision, upholding factual findings unless they are clearly erroneous and reviewing legal conclusions de novo. In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir.2007).
We reject the trustee’s contention that a choice-of-law provision in the engagement letters between Suprema and BDO applied to this dispute. We agree with the District Court that the choice-of-law provision applied only to an arbitration between the parties and that the parties chose to waive arbitration by proceeding with a court action. In the absence of a relevant contractual provision, New York choice-of-law principles applied because the complaint was filed in the Bankruptcy Court for the Southern District of New York. See In re Gaston & Snow, 243 F.3d 599, 601-02 (2d Cir.2001) (holding that bankruptcy courts should apply the choice-of-law rules of the forum state to state law claims that do not implicate federal policy concerns). Accordingly, the District Court looked to which state had the “most significant interest in, or relationship to, the dispute,” Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir.1997), and concluded that New Jersey had the most significant interest on the basis that (1) the audits were conducted by BDO’s New Jersey office; (2) Suprema’s headquarters were in New Jersey; and (3) the engagement letters were signed in New Jersey. We find no legal error in these conclusions.
We also agree with the District Court that the New Jersey Affidavit of Merit Statute applies to plaintiffs complaint and that it does not conflict with any of the applicable federal rules. While New Jersey courts have recognized certain equitable exceptions to compliance with the New Jersey statute, the District Court committed no legal error in concluding that none of the exceptions to the statute applied in this case.
Having considered the parties’ briefs, the record, and oral argument, we reject the trustee’s remaining arguments as lacking in merit.
Substantially for the reasons stated in the District Court’s opinion, the judgment of the District Court is AFFIRMED.